1 | TIMOTHY A. MILLER (Cal. Bar No. 154744)
timothy.miller@skadden.com
2 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
3 | Palo Alto, California  94301
Telephone:   (650) 470-4500
4 | Facsimile:   (650) 470-4570

5 | Attorney for Defendant
CHASE BANK USA, N.A., erroneously sued
6 | herein as JPMorgan Chase Bank

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 | **SAN FRANCISCO DIVISION**

11 | MARLON MONTOYA,                                          CASE NO.: 3:14-cv-00554-CRB

12 |                                  Plaintiff,             **(1) NOTICE OF MOTION AND
                                                            MOTION TO DISMISS FIRST**
13 |             v.                                         **AMENDED COMPLAINT;**

14 | JPMORGAN CHASE BANK,                                    **(2) MEMORANDUM OF POINTS AND
                                                            AUTHORITIES IN SUPPORT OF**
15 |                                  Defendant.            **DEFENDANT CHASE BANK USA,
                                                            N.A.'S MOTION TO DISMISS FIRST**
16 |                                                        **AMENDED COMPLAINT**

17 |                                                        **(3) [PROPOSED] ORDER (lodged under
                                                            separate cover).**

18 |

19 |                                                        **Date:     March 21, 2014**
                                                            **Time:     10:00 a.m.**
20 |                                                        **Judge:   Hon. Charles R. Breyer**
                                                            **Ctrm.:   6, 17th Floor**

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

---

**Defendant Chase's Motion to Dismiss and Memorandum of Points**          **Case No. 3:14-cv-00554-CRB**
**and Authorities in Support**

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ................................................................. iv

STATEMENT OF ISSUES ................................................................................... iv

SUMMARY OF ARGUMENT ............................................................................ iv

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................1

    I.      INTRODUCTION ....................................................................1

    II.     BACKGROUND ......................................................................1

    III.    RULE 12(B)(6) STANDARD ..................................................2

    IV.    PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FCRA ........................3

        A.    PLAINTIFF CANNOT ASSERT A CAUSE OF ACTION BASED UPON CHASE'S PROVISION OF ALLEGEDLY INACCURATE INFORMATION TO CREDIT REPORTING AGENCIES UNDER SECTION 1681S-2(A).................................4

        B.    PLAINTIFF FAILS TO ALLEGE THAT THE INFORMATION CONTAINED IN HIS CREDIT REPORT WAS INACCURATE OR INCOMPLETE. ................................5

        C.    PLAINTIFF ALSO FAILS TO ALLEGE THAT CHASE DID NOT COMPLY WITH ITS PROCEDURAL OBLIGATIONS AFTER RECEIVING NOTICE OF A DISPUTE UNDER SECTION 1681S-2(B). ................................7

    V.     PLAINTIFF FAILS TO STATE A CLAIM UNDER THE ROSENTHAL ACT..............................................................................8

        A.    PLAINTIFF'S ROSENTHAL ACT CLAIM IS EXPRESSLY PREEMPTED BY THE FCRA. ................................9

        B.    PLAINTIFF HAS FAILED TO PLEAD THAT CHASE'S REPORTING WAS FALSE OR THAT CHASE HAS TAKEN ANY ACTION TO COLLECT A DEBT. ................................9

    VI.    CONCLUSION ......................................................................11

i

## TABLE OF AUTHORITIES

**CASES**                                                                      **Page(s)**

*Anderson v. Louden, LLC,*
    No. C 13-04159 WHA, 2013 WL 6405825 (N.D. Cal. Dec. 6, 2013) ............................... 4, 7

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................................................. 2

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................................................. 2

*Bruno v. First USA Bank (In re Bruno),*
    356 B.R. 89 (Bankr. W.D.N.Y. 2006) ................................................................................. 5

*Callahan v. Equifax Information Services LLC,*
    No. C 13-2181 WHA, 2013 WL 4425852 (N.D. Cal. Aug. 15, 2013) .................................. 8

*Davis v. Maryland Bank, N.A.,*
    No. 00-04191, 2002 WL 32713429 (N.D. Cal. June 19, 2002) ........................................... 9

*In re Dendy,*
    396 B.R. 171 (Bankr. D.S.C. 2008) ............................................................................... 5, 10

*Giovanni v. Bank of America, National Association,*
    No. C 12-02530 LB, 2013 WL 1663335 (N.D. Cal. Apr. 17, 2013) .................................... 6

*Gorman v. Wolpoff & Abramson, LLP,*
    584 F.3d 1147 (9th Cir. 2009) ................................................................................... 3, 4, 5, 7

*Helmes v. Wachovia Bank, N.A. (In re Helmes),*
    336 B.R. 105 (Bankr. E.D. Va. 2005) ............................................................................... 10

*Hutchins v. Bank of America, N.A.,*
    No. 13-cv-03242-JCS, 2013 WL 5800606 (N.D. Cal. Oct. 28, 2013) ............................. 4, 8

*Irby v. Fashion Bug (In re Irby),*
    337 B.R. 293 (Bankr. N.D. Ohio 2005) ........................................................................... 5, 6

*Macpherson v. JPMorgan Chase Bank, N.A.,*
    665 F.3d 45 (2d Cir. 2011) ................................................................................................... 9

*Mahoney v. Washington Mutual, Inc.(In re Mahoney),*
    368 B.R. 579 (Bankr. W.D. Tex. 2007) ............................................................................ 10

*Marshall v. Swift River Academy, LLC,*
    327 F. App'x 13 (9th Cir. 2009) ......................................................................................... 9

*McCready v. Ebay, Inc.,*
    453 F.3d 882 (7th Cir. 2006) ............................................................................................. 10

Defendant Chase's Motion to Dismiss and Memorandum of Points     Case No. 3:14-cv-00554-CRB
and Authorities in Support

*Mogg v. Midwest Collection Services (In re Mogg)*,
   No. 07-3076, 2007 WL 2608501 (S.D. Ill. Sep. 5, 2007)..........................................................5

*Montano v. First Light Federal Credit Union (In re Montano)*,
   Bankr. No. 7-04-17866-TL, 2012 WL 5387693 (D.N.M. Bankr. Nov. 2, 2012) .................5

*Mortimer v. Bank of America, N.A.*,
   No. C-12-01959 JCS, 2013 WL 57856 (N.D. Cal. Jan. 3, 2013) ......................................6

*Nagim v. Equifax Information Services, LLC*,
   No. 09-cv-02428, 2011 WL 1755183 (D. Colo. Feb. 8, 2011) ..........................................6

*Nelson v. Chase Manhattan Mortgage Corp.*,
   282 F.3d 1057 (9th Cir. 2002) ..................................................................................4

*Pacheco v. Citibank (South Dakota), N.A.*,
   No. C 07-01276 JSW, 2007 WL 1241934 (N.D. Cal. Apr. 27, 2007)................................9

*Pirouzian v. SLM Corp.*,
   396 F. Supp. 2d 1124 (S.D. Cal. 2005) ......................................................................9

*Purcell v. Bank of America*,
   659 F.3d 622 (7th Cir. 2011) ....................................................................................9

*Roybal v. Equifax*,
   405 F. Supp. 2d 1177 (E.D. Cal. 2005) ......................................................................9

*Somers v. Apple, Inc.*,
   729 F.3d 953 ........................................................................................................2

*Thorp v. EduCap, Inc.*,
   No. C-13-3830 MMC, 2013 WL 5956191 (N.D. Cal. Nov. 6, 2013) ...........................7, 8

*Vogt v. Dynamic Recovery Services (In re Vogt)*,
   257 B.R. 65 (D. Colo. 2000) ...................................................................................10

**STATUTES**

15 U.S.C. § 1681c .......................................................................................................6

15 U.S.C. § 1681s-2 .............................................................................................3, 4, 7

15 U.S.C. § 1681t .......................................................................................................9

Cal. Civ. Code § 1788.2 .............................................................................................10

Cal. Civ. Code § 1788.17 ...........................................................................................10

**OTHER AUTHORITIES**

4 Collier On Bankruptcy § 524.05 (16th ed.) .................................................................6

1

## NOTICE OF MOTION AND MOTION

2      PLEASE TAKE NOTICE that on March 21, 2014, at 10:00 a.m., or at the nearest available

3  date at which counsel may be heard, in Courtroom 6 of the above-referenced court located at 450

4  Golden Gate Avenue, San Francisco, CA 94102, Defendant Chase Bank USA, N.A. ("Chase"),

5  erroneously sued as JPMorgan Chase Bank, will and hereby does, present for hearing by the Court

6  this motion to dismiss Plaintiff Marlon Montoya's First Amended Complaint under Rule 12(b)(6)

7  of the Federal Rules of Civil Procedure ("Motion").

8      The Motion seeks dismissal for failure to state a claim upon which relief may be granted of

9  all claims asserted against Chase in the First Amended Complaint ("First Amended Complaint" or

10  "FAC") brought by Marlon Montoya. Chase's Motion is filed pursuant to Rule 12(b)(6) of the

11  Federal Rules of Civil Procedure and is based on the accompanying memorandum of points and

12  authorities, all pleadings and papers filed in this action, and such additional papers and arguments

13  as may be presented at or in connection with the hearing.

14

## STATEMENT OF ISSUES

15      This Motion asks the Court to decide the following issues:

16      1.      Whether the Court should dismiss the claim asserted against Chase under the Fair

17  Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, for failure to state a claim upon which relief can be

18  granted.

19      2.      Whether the Court should dismiss the claim asserted against Chase under the

20  Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*, for failure to state a

21  claim upon which relief can be granted.

22

## SUMMARY OF ARGUMENT

23      This Court should dismiss Plaintiff's First Amended Complaint because it fails to state a

24  plausible claim for relief under either the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et*

25  *seq.*, or the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788

26  *et seq.*

27      Plaintiff alleges Chase did not remove and continues to report his two Chase debts on his

28

iv

1  Equifax credit report after those debts were discharged in bankruptcy. Plaintiff's allegations,

2  however, fail to state a claim under the FCRA. First, the mere act of continuing to include a debt on

3  a credit report after that debt has been discharged in bankruptcy is not inaccurate under the FCRA.

4  Indeed, courts have uniformly held that a debt is not extinguished by entry of the bankruptcy

5  discharge. Moreover, the FCRA creates a private right of action against a furnisher of credit

6  information only if the furnisher did not conduct a reasonable investigation after receiving notice of

7  a dispute from a credit reporting agency. *See* 15 U.S.C. § 1681s-2(b)–(c). Nowhere does Plaintiff

8  allege that Chase did not comply with these procedural obligations.

9      Plaintiff's Rosenthal Act claim also fails. First, the FCRA expressly preempts all state laws

10  "relating to the responsibilities of persons who furnish information to consumer reporting

11  agencies." 15 U.S.C. § 1681t(b)(1)(F)(ii). Because all of Plaintiff's allegations relate solely to

12  Chase's obligations as a furnisher of credit information, Plaintiff's Rosenthal Act claim is

13  preempted by the FCRA. Regardless, Plaintiff cannot state a claim under the Rosenthal Act as a

14  matter of law. As discussed above, Plaintiff  fails to allege that Chase's continued reporting of his

15  debts after they were discharged in bankruptcy is false in any way. In addition, continuing to report

16  a debt that has been discharged in bankruptcy does not fall within the Rosenthal Act's definition of

17  "debt collection." As several bankruptcy courts have held in the context of a claim for violation of

18  the discharge injunction, submitting a report about a discharged debt to a credit agency does not

19  rise to the level of an act to collect a debt.

20      For these reasons, and for the reasons stated in the accompanying memorandum of points

21  and authorities, the Court should dismiss Plaintiff Marlon Montoya's claims against Chase in their

22  entirety.

23  DATED:  February 12, 2014

24                                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

25

26                          By:  _____/s/ Timothy A. Miller_____
                                                TIMOTHY A. MILLER
27                                              Attorneys for Defendant
                                     CHASE BANK USA, N.A., erroneously
28                                   sued herein as JPMorgan Chase Bank

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2        Defendant Chase Bank USA, N.A. ("Chase"), erroneously sued as JPMorgan Chase Bank,

3    respectfully submits this memorandum in support of its motion to dismiss Plaintiff Marlon

4    Montoya's First Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

5    **I.    <u>INTRODUCTION</u>**

6        This Court should dismiss the First Amended Complaint because it fails to state a plausible

7    claim for relief under either the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, or

8    the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 *et seq.*

9    Plaintiff alleges Chase continues to report his two Chase debts on his Equifax credit report after

10   those debts were discharged in bankruptcy. There is no support, however, for Plaintiff's contention

11   that continuing to report the existence of a discharged debt—which is not extinguished by the

12   bankruptcy discharge—is somehow inaccurate or incomplete under the FCRA. Moreover, the

13   FCRA creates a private right of action against a furnisher of credit information only if the furnisher

14   did not conduct a reasonable investigation after receiving notice of a dispute from a credit reporting

15   agency. Nowhere does Plaintiff allege that Chase did not comply with these procedural obligations.

16   Plaintiff's Rosenthal Act claim also fails because it is preempted by the FCRA, and because

17   Plaintiff does not allege that Chase engaged in any debt collection activity.

18   **II.   <u>BACKGROUND</u>**

19       According to the publicly available state court docket, on October 10, 2013, Plaintiff

20   Marlon Montoya commenced an action in the Superior Court of the State of California in and for

21   the County of Contra Costa, naming "JP Morgan Chase Bank" as the defendant. (Dkt. No. 1, Ex.

22   B.) Chase did not receive a copy of that original complaint and, according to the docket, Plaintiff

23   never filed a proof of service. (*Id.*) Approximately two months later, on December 16, 2013,

24   Plaintiff filed the First Amended Complaint. (Dkt. No. 1, Ex. A.) Plaintiff served Chase with the

25   First Amended Complaint on January 7, 2014. (*Id.*) On February 5, 2014, Chase timely removed

26   the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446. (Dkt. No. 1.)

27       The First Amended Complaint asserts claims against Chase under the FCRA and the

28

1   Rosenthal Act, alleging that Chase provided false information about Plaintiff's debts to Equifax, a

2   credit reporting agency, after those debts were discharged in Plaintiff's chapter 7 bankruptcy case.

3   Plaintiff alleges that he filed for bankruptcy on May 27, 2010. (First Amended Compl. ("FAC") ¶

4   5.) According to Plaintiff, his accounts with Chase were scheduled in his chapter 7 case and

5   discharged on August 24, 2010. (*Id.*)

6         Plaintiff further alleges that on or about July 15, 2012, he learned that Chase was still

7   reporting two of his accounts to Equifax and that, after learning this information, he immediately

8   submitted an online dispute to Equifax. (*Id.* ¶ 6.) On or about July 31, 2012, Equifax allegedly

9   notified Plaintiff that Chase had verified the accounts and that the accounts would continue to be

10  reported on his credit report. (*Id.* ¶ 7.) Plaintiff alleges that Chase has "continued to report on

11  Plaintiff's Equifax credit report" and "failed to remove the accounts from Plaintiff's credit report."

12  (*Id.* ¶ 8.) As a result, Plaintiff claims, among other things, that his credit score has decreased and

13  that he was denied an auto loan. (*Id.* ¶ 13.) For these alleged harms, Plaintiff seeks money

14  damages, costs, and reasonable attorneys' fees.

15  **III.**    **<u>RULE 12(b)(6) STANDARD</u>**

16         To survive a motion to dismiss under Rule 12(b)(6), Plaintiff must plead enough facts "to

17  state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

18  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility

19  when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

20  the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted). This standard

21  "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

22  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

23  do not suffice." *Id.* Nor do "labels and conclusions" or "a formulaic recitation of a cause of action's

24  elements ." *Twombly*, 550 U.S. at 545. Rather, the complaint's factual allegations "must be enough

25  to raise a right to relief above the speculative level." *Id.* at 555; *see also Somers v. Apple, Inc.*, 729

26  F.3d 953, 959–60 (9th Cir. 2013) (noting that "[p]lausibility . . . must rise above the mere

27  conceivability or possibility of unlawful conduct"). Moreover, while a court "must take all of the

28

1  factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion

2  couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

3  For the reasons stated below, Plaintiff has failed to state a facially plausible claim against

4  Chase and the First Amended Complaint should be dismissed.

5  **IV.   PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FCRA**

6  Plaintiff alleges Chase violated the FCRA by engaging in the following conduct:

7  - "Willfully and negligently continuing to furnish and disseminate inaccurate and
8  derogatory credit, account and other information concerning the Plaintiff to credit
   reporting agencies and other entities despite knowing that said information was
9  inaccurate;" and

10  - "Willfully and negligently failing to comply with the requirements imposed on
   furnishers of information pursuant to 15 U.S.C. § 1681s-2."

11  (FAC ¶ 19.)

12  Section 1681s-2 of the FCRA sets forth the obligations of "furnishers" of credit information

13  to credit reporting agencies. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir.

14  2009). Its first two subsections each impose different responsibilities on furnishers. Subsection (a)

15  addresses a furnisher's duty "to provide accurate information." 15 U.S.C. § 1681s-2(a). Among

16  other things, subsection (a) prohibits furnishers from reporting information with actual knowledge

17  that it is inaccurate and requires furnishers to correct and update such information. *Id.*

18  The obligations imposed by subsection (b), by contrast, are triggered only upon notice of a

19  "dispute with regard to the completeness or accuracy of any information" provided to a credit

20  reporting agency. *Id.* § 1681s-2(b)(1). Upon receiving notice of a dispute, a furnisher is required to

21  (1) conduct a reasonable investigation of the disputed information; (2) review all relevant

22  information provided to the credit reporting agency; (3) report the results of the investigation to the

23  credit reporting agency; (4) if the results of the investigation reveal that the information is

24  incomplete or inaccurate, report those results to all other credit reporting agencies to which it

25  furnished information; and (5) if an item of information disputed by a consumer is found to be

26  inaccurate or incomplete or cannot be verified after reinvestigation, for purposes of reporting to a

27  consumer reporting agency only, as appropriate, modify, delete, or permanently block reporting of

28

**3**

1  that item of information. *Id.*; *see also Gorman*, 584 F.3d at 1157 (providing that the furnisher's

2  investigation under Section 1681s-2(b) must be reasonable).

3      Although Plaintiff alleges that Chase violated Section 1681s-2 of the FCRA, he does not

4  clearly identify the particular subsection upon which he bases his claim. To the extent Plaintiff

5  alleges that Chase violated the FCRA by providing inaccurate information to Equifax or another

6  credit reporting agency in violation of subsection (a), he does not have a private right of action to

7  bring such a claim. To the extent Plaintiff claims that Chase has not complied with its obligations

8  after receiving notice of a dispute under subsection (b), on the other hand, Plaintiff has failed to

9  plead that any of the information included in his credit report was inaccurate or that Chase did not

10  comply with its procedural obligations under that subsection.

11      **A.    Plaintiff Cannot Assert A Cause Of Action Based Upon Chase's Provision Of Allegedly Inaccurate Information To Credit Reporting Agencies Under Section**

12  **1681s-2(a).**

13      Plaintiff has not stated—and indeed cannot state—a claim against Chase under Section

14  1681s-2(a). Although the FCRA creates a private right of action for willful or negligent

15  noncompliance with its requirements, the statute expressly bars consumers from bringing a private

16  cause of action against a furnisher under subsection (a). *See* 15 U.S.C. § 1681s-2(c) (providing that

17  the FCRA's civil liability provisions "do not apply to any violation of . . . subsection (a) of this

18  section"); *id.* § 1681s-2(d) (providing that subsection (a) "shall be enforced exclusively . . . by the

19  Federal agencies and officials and the State officials identified in section 1681s of this title"). The

20  Ninth Circuit has confirmed that there is no private right of action for a violation of subsection (a).

21  *See Gorman*, 584 F.3d at 1154 ("Duties imposed on furnishers under subsection (a) are enforceable

22  only by federal or state agencies."); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057,

23  1059 (9th Cir. 2002) (explaining that "private enforcement" of subsection (a) is "excluded").

24      Thus, to the extent Plaintiff alleges that Chase furnished inaccurate information to credit

25  reporting agencies "despite knowing that said information was inaccurate," (FAC ¶ 19(a)), he fails

26  to state a claim under the FCRA. Congress's decision not to confer a private right of action to

27  enforce subsection (a) leaves Plaintiff without a claim—the exact conclusion reached time and

28

**4**

1      again by courts. *See, e.g.*, *Gorman*, 584 F.3d at 1154; *Anderson v. Louden, LLC*, No. C 13-04159

2      WHA, 2013 WL 6405825, at *3 (N.D. Cal. Dec. 6, 2013) (holding that "Plaintiff's claim under

3      Section 1681s-2(a) is barred, as there is no private cause of action for such violations"); *Hutchins v.*

4      *Bank of Am., N.A.*, No. 13-cv-03242-JCS, 2013 WL 5800606, at *17 (N.D. Cal. Oct. 28, 2013)

5      ("[T]o the extent that Plaintiff bases his FCRA claim upon violations of § 1681s-2(a), the claim is

6      dismissed with prejudice.").

7              **B.**     <u>**Plaintiff Fails To Allege That The Information Contained In His Credit Report**</u>

8                   <u>**Was Inaccurate Or Incomplete.**</u>

9         Although the FCRA provides a private right of action for violation of Section 1681s-2(b),

10      *Gorman*, 584 F.3d at 1154, Plaintiff's allegations fare no better under that subsection. Plaintiff's

11      claim under subsection (b) fails for the fundamental reason that he does not allege any inaccuracy

12      or incompleteness in the reporting of his two discharged debts. Plaintiff alleges that he learned that

13      Chase was "still reporting" two of his accounts that were discharged in bankruptcy and that he

14      submitted a dispute to notify Equifax and Chase "that the accounts had been included in his

15      bankruptcy." (FAC ¶ 6.) Equifax then allegedly notified Plaintiff that the accounts "would continue

16      to be reported" on his credit report. (*Id.* ¶ 7.) According to Plaintiff, Chase "continued to report"

17      and "failed to remove" the accounts from his Equifax credit report. (*Id.* ¶ 8.)

18         Even granting all inferences in Plaintiff's favor, the most the First Amended Complaint

19      alleges is that Chase did not *completely delete* two of his discharged accounts from his credit

20      report. This is not enough, as the FCRA imposes no such obligation. Nor is there any support for

21      Plaintiff's view that reporting the existence of a debt after it has been discharged in bankruptcy is

22      inaccurate in any way. Indeed, courts have uniformly held that a debt is not extinguished by entry

23      of the bankruptcy discharge. *See, e.g.*, *Montano v. First Light Fed. Credit Union* (*In re Montano*),

24      Bankr. No. 7-04-17866-TL, Adv. No. 07-1026, 2012 WL 5387693, at *4 (Bankr. D.N.M. Nov. 2,

25      2012) (noting that "[c]ourts addressing the issue have held uniformly that a debt is not extinguished

26      by entry of the bankruptcy discharge"); *In re Dendy*, 396 B.R. 171, 178 (Bankr. D.S.C. 2008)

27      (noting that "the underlying debt remains notwithstanding the discharge"); *Mogg v. Midwest*

28      *Collection Servs. (In re Mogg)*, Bankr. No. 05-34066, Adv. No. 07-3076, 2007 WL 2608501, at *3

5

**Defendant Chase's Motion to Dismiss and Memorandum of Points**       **Case No. 3:14-cv-00554-CRB**
**and Authorities in Support**

1 (S.D. Ill. Sep. 5, 2007) (noting that "[n]othing in § 524 [of the Bankruptcy Code] expunges or

2 extinguishes discharged debts"); *Bruno v. First USA Bank, N.A. (In re Bruno)*, 356 B.R. 89, 92

3 (Bankr. W.D.N.Y. 2006) (holding that "decades of jurisprudence on the subject of bankruptcy

4 discharge places it beyond cavil that discharge does not extinguish the debt"); *Irby v. Fashion Bug*

5 *(In re Irby)*, 337 B.R. 293, 295 (Bankr. N.D. Ohio 2005) ("Nowhere in the Bankruptcy Code does

6 it provide that a debt is extinguished."). The leading bankruptcy treatise confirms this same point,

7 noting that "[t]he discharge operates to make a debt unenforceable as a personal liability of the

8 debtor for the debt in question," but it "in no way affects the liability of any other entity, or the

9 property of any other entity, for the discharged debt." 4 Collier On Bankruptcy § 524.05 (16th ed.).

10 As one court has observed, when a creditor reports a debt whose existence was never extinguished

11 by the bankruptcy discharge, "[a]ll that is being reported is the truth." *Irby*, 337 B.R. at 295.

12       Nor does the FCRA lend any support to Plaintiff's theory. Quite the contrary: The FCRA

13 itself permits credit reporting agencies to report accounts discharged in bankruptcy for up to ten

14 years. *See* 15 U.S.C. § 1681c(a)(1). Moreover, one court in this district rejected a plaintiff's

15 argument that her credit report was inaccurate under the FCRA because "the bankruptcy discharge

16 relates back to the filing date" and she therefore "never had an obligation to make the payments

17 [the defendant] reported as overdue." *Giovanni v. Bank of Am., Nat'l Ass'n*, No. C 12-02530 LB,

18 2013 WL 1663335, at *6 (N.D. Cal. Apr. 17, 2013). Another court similarly concluded that the

19 bankruptcy discharge "does not change the underlying fact that, during the pendency of the

20 bankruptcy, the account was delinquent." *Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS,

21 2013 WL 57856, at *7 (N.D. Cal. Jan. 3, 2013). And perhaps most applicable here, a federal

22 district court in Colorado held that the plaintiff had failed to prove that the defendant reported any

23 inaccurate information under the FCRA, by claiming that the defendant "maintain[ed] information

24 in Plaintiff's credit file (and display[ed] it on Plaintiff's credit report) that pertained to Plaintiff's

25 discharged debts." *Nagim v. Equifax Info. Servs., LLC*, No. 09-cv-02428, 2011 WL 1755183, at *1,

26 *5 (D. Colo. Feb. 8, 2011).

27       Ultimately, Plaintiff cannot allege how the mere act of continuing to include a debt on a

28

1    credit report after the debt has been discharged in bankruptcy is inaccurate under the FCRA.

2    Plaintiff's FCRA claim should therefore be dismissed.

3          **C.**    **Plaintiff Also Fails To Allege That Chase Did Not Comply With Its Procedural Obligations After Receiving Notice Of A Dispute Under Section 1681s-2(b).**

4

5          Plaintiff also has not sufficiently alleged the procedural elements of a claim under

6    subsection (b). First, Section 1681s-2(b)(1) provides that a furnisher's obligations arise only upon

7    notice of a dispute "pursuant to section 1681i(a)(2) of this title," which requires a credit reporting

8    agency to provide a furnisher with notice of a dispute within five business days. Nowhere in the

9    First Amended Complaint does Plaintiff allege that Chase received notice of the dispute he

10   purportedly sent to Equifax, let alone proper notice within five business days. *See Anderson*, 2013

11   WL 6405825, at *3 (dismissing FCRA claim where plaintiff did not allege that credit reporting

12   agency contacted the defendant to report the dispute). Plaintiff alleges only that *he* submitted an

13   online dispute to Equifax and that Equifax later notified Plaintiff that Chase had "verified the

14   accounts"—but says nothing about Chase receiving notice of a dispute. (FAC ¶¶ 6–7.)

15         Even if Plaintiff had pled that Chase received the statutorily-required notice, he fails to

16   allege that Chase did not conduct a reasonable investigation into his dispute. Plaintiff simply

17   resorts to conclusions, asserting that Chase "had verified the accounts and stated that they were

18   being reported correctly" and that Chase continued to report, and did not remove, the accounts

19   from his credit report. (FAC ¶¶ 7–8.) These cursory allegations, without more, are insufficient to

20   plead that Chase did not conduct a reasonable investigation of his dispute. As the Ninth Circuit has

21   made clear, "the requirement that furnishers investigate consumer disputes is procedural." *Gorman*,

22   584 F.3d at 1161. Thus, "[a]n investigation is not necessarily unreasonable because it results in a

23   substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be

24   inaccurate." *Id.* The fact that a furnisher continued to report unfavorable information therefore does

25   not amount to a failure to comply with the procedural requirements of subsection (b).

26         The case law confirms that these differences matter. Courts within this district have

27   dismissed FCRA claims where, as here, plaintiffs have failed to plead that the defendant did not

28   conduct a reasonable investigation. In *Thorp v. EduCap, Inc.*, No. C-13-3830 MMC, 2013 WL

1   5956191 (N.D. Cal. Nov. 6, 2013), the court concluded that "Plaintiffs' reliance on their allegation

2   that [the defendant] has continued to report inaccurate information is, standing alone, insufficient

3   to state a claim that [the defendant] failed to conduct a reasonable investigation." *Id.* at \*6; *see also*

4   *Hutchins*, 2013 WL 5800606, at \*17 (holding that plaintiff's FCRA claim "must fail as currently

5   pled because Plaintiff fails to allege that Defendant did not conduct a reasonable investigation");

6   *Callahan v. Equifax Info. Servs. LLC*, No. C 13-2181 WHA, 2013 WL 4425852, at \*2 (N.D. Cal.

7   Aug. 15, 2013) (granting motion to dismiss FCRA claim and noting that plaintiff "must provide

8   specific allegations as to when [defendant] received notice of plaintiff's dispute and why she

9   believes [defendant] failed to properly investigate the information it allegedly furnished"). Because

10  Plaintiff does not provide specific allegations as to why Chase did not conduct a reasonable

11  investigation into his dispute, his claim under subsection (b) fails under settled law.

12  **V.    PLAINTIFF FAILS TO STATE A CLAIM UNDER THE ROSENTHAL ACT**

13       The First Amended Complaint also fails to state a claim under the Rosenthal Act. Plaintiff

14  alleges Chase violated Section 1788.17 of the Rosenthal Act, which incorporates certain provisions

15  of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

16  Specifically, Plaintiff alleges Chase violated the Rosenthal Act by making certain false and

17  misleading representations in violation of the FDCPA:

18   • "Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C.
19     § 1692e(2)(A));"

20   • "Communicating or threatening to communicate credit information which is known or
        which should be known to be false (15 U.S.C. § 1692e(8));" and

21   • "Using false representations and deceptive practices in connection with collection of an
22      alleged debt from Plaintiff (15 U.S.C. § 1692e(10))."

23  (FAC ¶ 10.)

24       Even taking Plaintiff's allegations at face value, however, his Rosenthal Act claim fails as a

25  matter of law for two independent reasons. First, the FCRA expressly preempts a cause of action

26  under the Rosenthal Act where, as here, the claim relates solely to credit reporting obligations.

27  Second, Plaintiff has failed to plead that Chase has made any false reports or engaged in the

28  collection of a debt, as required by the Rosenthal Act.

A.     **Plaintiff's Rosenthal Act Claim Is Expressly Preempted By The FCRA.**

Plaintiff's Rosenthal Act claim fails at the outset because it is preempted by the FCRA. In enacting the FCRA, Congress made expressly clear that the statute preempts all state laws "relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F)(ii). As such, numerous courts within the Ninth Circuit have held that the FCRA preempts state law causes of action based exclusively on furnishers' credit reporting obligations. *Marshall v. Swift River Acad., LLC*, 327 F. App'x 13, 15 (9th Cir. 2009); *see also Pacheco v. Citibank (S.D.), N.A.*, No. C 07-01276 JSW, 2007 WL 1241934, at *2 (N.D. Cal. Apr. 27, 2007) (concluding that FCRA preempts state law claims "premised on the provision of inaccurate or false information to a consumer reporting agency"); *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005) (dismissing state law claims because they arose "purely from the reporting of credit information by a furnisher of credit"); *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1130 (S.D. Cal. 2005) ("All of the CFDCPA claims in this case are preempted by the FCRA because they pertain to Defendant's reporting of or failure to report certain information about Plaintiff."); *Davis v. Md. Bank, N.A.*, No. 00-04191, 2002 WL 32713429, at *13 (N.D. Cal. June 19, 2002) (holding that the FCRA "preempts both state statutory and common law causes of action which implicate the subject matter of section 1681s-2" of the FCRA). Other circuit courts have also made clear that the FCRA broadly preempts all state statutory and common law claims related to the obligations of furnishers of credit information. *See Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011); *Purcell v. Bank of Am.*, 659 F.3d 622, 626 (7th Cir. 2011).

Here, all of the allegations in the First Amended Complaint relate solely to Chase's allegedly false reporting to Equifax regarding Plaintiff's debts that were discharged in bankruptcy. Accordingly, Plaintiff's Rosenthal Act claim is preempted by the FCRA.

B.     **Plaintiff Has Failed To Plead That Chase's Reporting Was False Or That Chase Has Taken Any Action To Collect A Debt.**

Regardless of whether Plaintiff's claim is preempted, Plaintiff cannot state a claim under the Rosenthal Act as a matter of law. First, as discussed above in Section I.B, Plaintiff has not pled

**9**

1   facts sufficient to state a plausible claim that Chase's continued reporting of his debts after they

2   were discharged in bankruptcy is false in any way.

3       Second, Plaintiff's claim fails even assuming the information is false.  The Rosenthal Act

4   applies only to debt collectors that are "collecting or attempting to collect a consumer debt." Cal.

5   Civ. Code § 1788.17. The statute further defines "debt collection" as "any act or practice in

6   connection with the collection of consumer debts." *Id.* § 1788.2(b). Continuing to report a debt that

7   has been discharged in bankruptcy, however, does not fall within the definition of "debt

8   collection."

9       Indeed, the First Amended Complaint is unclear as to whether Chase took any "act" at all.

10  While Plaintiff alleges that Chase "continued to report" his discharged debts on his Equifax credit

11  report, he also states that Chase has "failed to remove" those debts from the report. A creditor's

12  passive failure to update certain information about a debt after it has been discharged can hardly

13  qualify as an "act" to collect a debt. *See In re Dendy*, 396 B.R. at 182 ("The mere existence of a

14  discharged debt on a debtor's credit report, when reported prior to the discharge injunction and not

15  combined with evidence of actions by a creditor to collect the debt after the injunction arose, does

16  not rise to the level of an action that violates the discharge injunction."); *see also McCready v.*

17  *Ebay, Inc.*, 453 F.3d 882, 889 (7th Cir. 2006) ("To be a 'debt collector' under the FDCPA entails

18  engaging in some affirmative conduct with regard to collecting a debt, as evidenced by the statute's

19  use of active verbs.").

20      Moreover, even if the First Amended Complaint could be read to imply some affirmative

21  act on the part of Chase, Plaintiff's allegations are still insufficient to establish that Chase was

22  collecting or attempting to collect a debt. As several bankruptcy courts have held in the context of a

23  claim for violation of the discharge injunction, submitting a report about a discharged debt to a

24  credit agency does not rise to the level of an act to collect a debt. *See, e.g.*, *Mahoney v. Wash. Mut.,*

25  *Inc. (In re Mahoney)*, 368 B.R. 579, 589 (Bankr. W.D. Tex. 2007) (holding that reporting a debt to

26  a credit reporting agency in and of itself does not constitute an act to collect a debt such that it

27  violates the bankruptcy discharge injunction); *Helmes v. Wachovia Bank, N.A. (In re Helmes)*,

28

**10**

Defendant Chase's Motion to Dismiss and Memorandum of Points        Case No. 3:14-cv-00554-CRB
and Authorities in Support

336 B.R. 105, 109 (Bankr. E.D. Va. 2005) (finding that "the debtor failed to show that submitting the derogatory report to the credit reporting agency or allowing it to remain in the debtor's credit record was an act intended to collect a debt"); *Vogt v. Dynamic Recovery Servs. (In re Vogt)*, 257 B.R. 65 (D. Colo. 2000) (noting that continuing to report debt after bankruptcy discharge, standing alone, was not "in any way 'an act' to effect collection of the debt"). Accordingly, Plaintiff's Rosenthal Act claim is preempted and, in any event, should be dismissed on the merits.

## VI.   <u>CONCLUSION</u>

For these reasons, Chase respectfully requests that this Court dismiss Plaintiff's First Amended Complaint.

DATED:  February 12, 2014

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Timothy A. Miller_____
TIMOTHY A. MILLER
Attorneys for Defendant
CHASE BANK USA, N.A., erroneously
sued herein as JPMorgan Chase Bank

Defendant Chase's Motion to Dismiss and Memorandum of Points       Case No. 3:14-cv-00554-CRB
and Authorities in Support
458054-PALSR01A - MSW